Griswold v. Brock.

*Reversed and remanded.*

## WILLIAM D. GRISWOLD ET AL.

### v.

## MARY JANE BROCK ET AL.

*Pleading—Practice—Answer—Default.*

It is improper to default a defendant where there is an undisposed of answer on file.

[Opinion filed October 19, 1888.]

APPEAL from the Circuit Court of St. Clair County; the Hon. AMOS WATTS, Judge, presiding.

Mr. WILLIAM C. KUEFFNER, for appellants.

Messrs. KOERNER & HORNER, for appellees.

What purported to be an answer was invisible, it being indorsed on J. B. Bowman's answer, and so folded up that

nobody could see it. But we insist that this was no answer at all. The answer being a separate one, and put in long after Bowman's answer, ought to have been a separate sheet of paper, ought to have been independent of the other answer, ought to have answered the allegations of the bill severally and especially, as prescribed by the statutes, Sec. 23, Chap. 22, R. S., Chancery.

Now, a paper which merely states that some defendants adopt an answer heretofore made, is not an answer, and need not be noticed at all. The default was only taken at the hearing when the papers were examined, and no answer of Bowman's legal representatives was visible. The case had been set for hearing, and the legal representatives, if they considered they had answered, ought to have been present (in fact, Frank B. Bowman, the administrator and one of the heirs and their attorney, was present on the first day of the trial, and also participated in the argument when the case was argued, without any objection, on the part of the complainants), and they had the whole balance of the term to set aside the default if they had chosen to do so. But no suggestion was made by either counsel that they had put in an answer.

But suppose the indorsement of John B. Bowman's answer could be considered as an answer, then his answer was theirs, and the case was tried on his and on Griswold's answer, so that they could have suffered no injury whatever. They had set up nothing different from J. B. Bowman's answer. We had to prove everything, just the same as if they had filed a separate answer. Adopting the answer of John B. Bowman, their interest was amply protected. Objection was made to the testimony of witnesses because they testified to facts occurring before the death of John B. Bowman, which, of course, was made in their interest, because that did not concern the co-defendant, Griswold. As the default was taken on the hearing only, they could have had whatever witnesses they wanted present; but none were there. They considered, and very properly so, that the counsel who did appear was fully able to do them justice; they did not need to employ additional counsel.

REEVES, J.   The appellees filed a bill in chancery against the appellants.   The case proceeded to a hearing, and a decree for appellees.

The bill was originally filed against William D. Griswold and John B. Bowman.   John B. Bowman died, and his administrator, heirs and widow were made parties to the bill and brought into court.   On the 29th day of November, 1886, the administrator, heirs and widow of John B. Bowman, deceased, filed their answer to the bill of appellees.

On the 30th day of November, 1887, the administrator, heirs and widow of John B. Bowman, deceased, were severally by name defaulted, and the bill taken *pro confesso* against them, and the decree entered in the cause so recites.

This was manifestly error, and for this error the decree is reversed and the cause is remanded.

*Reversed and remanded.*